**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Holly Jo Thompson, Appellant.

Appellate Case No. 2016-000340

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

Unpublished Opinion No. 2018-UP-258
Submitted March 1, 2018 – Filed June 13, 2018

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General Sherrie Butterbaugh, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Holly Jo Thompson appeals her conviction for murder, arguing the circuit court should have (1) instructed the jury on the law of involuntary manslaughter, (2) required the State to provide her with rap sheets of jurors with

criminal convictions, and (3) allowed her to conduct a re-cross examination of a witness for the State.  We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:

As to Issue 1: *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("[An appellate court] will not reverse a [circuit court's] decision regarding a jury instruction absent an abuse of discretion."); *State v Burriss*, 334 S.C. 256, 262, 513 S.E.2d 104, 108 (1999) ("It is well-settled the law to be charged is determined from the evidence presented at trial, and if any evidence exists to support a charge, it should be given."); *State v. Light*, 378 S.C. 641, 651, 664 S.E.2d 465, 470 (2008) (finding a defendant in a murder trial may be entitled to both a charge on self-defense and one on involuntary manslaughter if there is a factual issue as to whether the act leading to the victim's death was committed intentionally in self-defense or was committed unintentionally); *State v. Gibson*, 390 S.C. 347, 357, 701 S.E.2d 766, 771 (Ct. App. 2010) ("[T]he essence of involuntary manslaughter is the involuntary nature of the killing.").

As to Issue 2: Rule 5(a)(2), SCRCrimP (providing that except as permitted in Rule 5(a)(1), SCRCrimP, a criminal defendant is not entitled to "the discovery or inspection of reports, memoranda, or other internal prosecution documents made by the attorney for the prosecution or other prosecution agents in connection with the investigation or prosecution of the case"); *State v. Childs*, 299 S.C. 471, 474, 385 S.E.2d 839, 841 (1989) ("No right to discovery exists in a criminal case absent statute or court rule."); *id.* (affirming the circuit court's refusal of the appellant's request for background information compiled by the State regarding prospective jurors in his case "[b]ecause there is no statute or court rule requiring a disclosure of this information"); *State v. Casey*, 325 S.C. 447, 456, 481 S.E.2d 169, 174 (Ct. App. 1997) ("Neither *Batson* nor its progeny requires that the proponent of a [peremptory] strike present evidentiary support for the strike.").

As to Issue 3: Rule 611(a), SCRE ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."); Rule 611(d), SCRE ("A witness may be re-examined as to the same matters to which he testified only in the discretion of the court, but without exception he may be re-examined as to any new matter brought out during cross-examination."); *Liberty Mut. Ins. Co. v. Gould*, 266 S.C. 521, 533, 224 S.E.2d 715, 720 (1976) ("The right to, and scope of, recross-examination is within the sound discretion of the trial court.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.